IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKII LEWIS,<br>    Plaintiff | § § § | |
| vs. | § § | NO. 3:13-CV-05029 |
| SMITH TEMPORARIES, INC., d/b/a<br>CORNERSTONE STAFFING | § § § | |
| And | § § | |
| FLEXTRONICS AMERICA, LLC, | § § § | |
| Defendants | § § | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Plaintiff Shakii Lewis alleges that Defendants Smith Temporaries, Inc. d/b/a Cornerstone Staffing and Flextronics America, LLC violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime. Lewis, however, failed to plead facts—as distinguished from conclusions of law—sufficient to support his claims for individual relief. Flextronics respectfully requests that this Court dismiss Plaintiff's suit.

## I.
## LEGAL STANDARD FOR DISMISSAL UNDER FRCP 12(B)(6)

Rule 12(b)(6) allows a Defendant to seek dismissal for failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), a court may dismiss Plaintiff's claim if Plaintiff cannot prove any set of facts in support of his claim that entitles him to relief. Because the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of Plaintiff's Complaint, the

court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

To withstand a Rule 12(b)(6) motion to dismiss, the Complaint must "contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only when Plaintiff has pled factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged. *Id.*

The allegations cannot be merely consistent with Defendant's alleged liability, but must show more than a sheer possibility that Defendant has acted unlawfully. *Id.* The allegations need not be detailed, but they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Naked assertions devoid of further factual enhancement will not suffice, nor will labels and conclusions. *Id.* "'[A] formulaic recitation of the elements of a cause of action,'" and "'naked assertions'" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Consequently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."). Therefore, to survive a motion to dismiss, Plaintiff must allege actual facts that "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not shown—that the pleader is entitled to relief," and the Complaint should be dismissed. *Id.*

## II.
## DISCUSSION

### A. Lewis Failed to Sufficiently Plead that Flextronics Is His "Employer"

Flextronics is only liable under the FLSA if there is an employer-employee relationship between Flextronics and Lewis. *See Donovan v. Grim Hotel Co.*, 747 F.2d 996, 971 (5th Cir. 1984). The complaint, however, does not provide enough facts to show an employer-employee relationship exists. Lewis's statement that he "worked for Defendants from on or about April 2013 to October 1, 2013" is insufficient – especially considering Lewis has sued two separate companies and Flextronics denies that it employed Lewis. *See* Comp. ¶ 2.

To determine if an employer-employee relationship exists, the Fifth Circuit examines the "economic realities" of the relationship between the two parties. *See e.g. Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012). In making this inquiry the court determines if the alleged employer: (1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records. *See id.* Lewis's threadbare statement that he "worked for" Defendants, does not even mention these factors.

It is appropriate to dismiss a complaint when plaintiffs only plead that they were "employed by" or "worked for" a defendant, because these types of allegations do not provide any factual support that the defendant is an employer. *See Kaminski v. BWW Sugar Land Partners*, No. H-10-551 2010 U.S. Dist. LEXIS 123114, at *5-8 (S.D. Tex. Nov. 19, 2010) (dismissing FLSA action where plaintiffs pleaded only that they were "employed by" or "worked for" defendants). A complaint provides sufficient factual allegations to support an employer-

employee relationship when it alleges facts such as an alleged employer's ability to set the rate of pay or lease facilities where employees worked. *See Akins v. Worley Catastrophe Response LLC*, 921 F. Supp. 2d 593 (E.D. La. 2013) (complaint provides sufficient factual allegations on alleged employer's actions including changing pay, leasing facility where employee worked, and negotiating classification of pay with IRS).

Here, the Complaint merely alleges that Lewis worked for Defendants. This allegation constitutes a minimal recitation of a necessary element, which has repeatedly been held insufficient to survive a motion to dismiss. *See Kaminski*, No. H-10-551, 2010 U.S. Dist. LEXIS 123114, at *5-8; *see also Chen v. Domino's Pizza, Inc.*, No. 09-107, 2009 U.S. Dist. LEXIS 96362, at *13 (D.N.J. Oct. 16, 2009) (holding "conclusory statement" that defendant "is an employer 'within the meaning of 29 U.S.C. § 203(d)'" failed to state an FLSA claim).

### B.     Lewis Failed to Sufficiently Plead FLSA Coverage

Lewis's claims should also be dismissed because he failed to plead facts that would show FLSA coverage in this case. The Complaint does not contain a sufficient factual basis to show either enterprise or individual coverage. *see Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) ("The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ('individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')."). Instead, the Complaint only contains an elementary and formulaic recitation of the statutory elements of FLSA coverage.

Mere recitation of the statutory elements of FLSA coverage is not sufficient to state a claim. *See Lindgren v. Spears*, No. H-10-1929, 2010 U.S. Dist. LEXIS 136491, at *7 (S.D. Tex. Dec. 27, 2010) ("[c]onclusory allegations [of FLSA coverage] that do no more than repeat the elements of the claim are insufficient" under the Federal Rules of Civil Procedure and the

pleading standards set forth in *Twombly* and *Iqbal*). In *Payne v. Universal Recovery, Inc.*, the court held that the plaintiff failed to plead enterprise coverage because he made only conclusory allegations that the defendant "was an enterprise engaged in interstate commerce" and that "Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by [FLSA]." *See* No. 3:11-CV-1672-D, 2011 U.S. Dist. LEXIS 153355, at *13 (N.D. Tex. Dec. 7, 2011), *adopted by Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D 2012 U.S. Dist. LEXIS 20785 (N.D. Tex. Feb. 17, 2012). Therefore, the plaintiff's FLSA claims were subject to dismissal under Rule 12(b)(6). *Id.* at *14.

Here, like the plaintiff in *Payne*, Lewis merely pleads that "Defendants were engaged in interstate commerce." Complaint ¶ 4. This does not satisfy the *Iqbal* and *Twombly* standards. Likewise, Lewis fails to provide sufficient facts to support his claim that individual coverage applies. Again, Lewis provides a formulaic recitation of the elements: "Plaintiff was also individually engaged in interstate commerce, working in a plant manufacturing cellular telephones for interstate commerce—work essential to Defendant's business." Complaint ¶ 4. Thus, Lewis's broad legal conclusions are insufficient to establish Flextronics is covered by the FLSA.

C.  **Lewis Failed to Plead a Facially Plausible Claim for Overtime**

Lewis alleges that Flextronics violated the overtime provisions of the FLSA by failing to pay him "one and one-half times his regular rate of pay for each overtime hour worked." Complaint ¶ 6. To state such a claim, and survive a motion to dismiss, Lewis must at least allege an estimate of the number of hours worked without adequate compensation. *See, e.g., Coleman v. John Moore Servs.*, No. 501-H-13-2090, 2014 U.S. Dist. LEXIS 1501 at *10 (S.D. Tex. Jan. 7, 2014) (dismissing claims for failure to adequately plead alleged unpaid overtime hours and

holding "more is required of a plaintiff than an 'all purpose pleading template' with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action."); *See Guevara v. Coastal Gulf & Int'l, Inc.*, No. 12-2277, 2013 U.S. Dist. LEXIS 62967 (E.D. La. May 2, 2013).

Instead of doing so, Lewis merely parrots the language of the FLSA by stating in conclusory fashion that "[t]hroughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per week" and "[d]uring one or more weeks of Plaintiff's employment…Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each of the overtime hours he worked." Complaint, at ¶¶ 5-6. Lewis's unadorned accusations are the very type of threadbare allegations disavowed by *Iqbal* and are insufficient to state a plausible claim under the FLSA. When a complaint merely "alleges that '[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours' and that during 'one or more weeks ... Defendant failed to pay Plaintiff" the overtime rate" the complaint lacks sufficient facts and should be dismissed. *Coleman,* 2014 WL 51290, * 4. It is not "unfair or burdensome to require some factual allegations," and Lewis has completely failed to do so. *Coleman*, 2014 WL 51290, at *4; *see also Lagos v. Monster Painting, Inc.*, No. 2:11-CV-00331-LRH-GWF, 2011 U.S. Dist. LEXIS 149522, at *5–6 (D. Nev. Dec. 29, 2011) (granting motion to dismiss where "Plaintiffs' complaint contains no factual allegations that would provide even an approximation of the overtime hours worked…or the amount of unpaid overtime wages.").

Federal courts across the country have recognized that "simply stating that a plaintiff was not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (granting motion to dismiss FLSA overtime claim where plaintiff "merely alleged that he worked 'beyond 40 hours per

Defendant's Motion to Dismiss

week'" for failure to adequately plead damages element); see also *Coleman*, 2014 WL 51290, *4; *Landers v. Quality Commc'ns, Inc.*, No. 2:11-CV-1928 JCM (RJJ), 2012 U.S. Dist. LEXIS 48794, at *3 (D. Nev. Apr. 6, 2012) (dismissing plaintiff's complaint for insufficient facts where plaintiff alleged he "was not paid time and one-half his hourly rate for work he performed in excess of 40 hours a week"); *Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938, at *1, 8 (W.D. Pa. Nov. 9, 2010) (concluding that plaintiffs failed to plead facts sufficient to meet all the elements necessary to state an FLSA overtime claim where plaintiffs merely alleged that "[t]hey each worked more than 40 hours a week and were entitled to overtime salary because their positions were classified as non-exempt"); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (holding the following allegations were too conclusory to satisfy the Twombly pleading standard: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA").

Because Lewis failed to adequately plead the hours for which he was allegedly unpaid or even an approximation of the alleged unpaid wages, Lewis's Complaint should be dismissed.

## II.
## ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

As demonstrated above, Plaintiff has failed to provide sufficient factual support for his claims against Flextronics. If the Complaint is not dismissed, however, Flextronics alternatively requests that the Court order Plaintiff to plead more definite allegations so that Flextronics can properly prepare a responsive pleading. *See* FED. R. CIV. P. 12(e).

## III.
## CONCLUSION

For the foregoing reasons, Defendant Flextronics respectfully requests that the Court grant its Motion to Dismiss and any other relief, in law or in equity to which it may be entitled.

Dated April 8, 2014                    Respectfully submitted,


/s/ Kimberly R. Miers
Kimberly R. Miers (Attorney-in-Charge)
State Bar No. 24041482
Sean M. McCrory
State Bar No. 24078963
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
kmiers@littler.com

ATTORNEYS FOR DEFENDANT
FLEXTRONICS AMERICA, LLC,


## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system as follows:

Vijay A. Pattisapu
Charles L. Scalise
Daniel B. Ross
540 East Pleasant Run Road
DeSoto, TX 75115

/s/ Kimberly R. Miers
Kimberly R. Miers

Firmwide:126169997.3 014692.1165